**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 28, 2015
Decided June 23, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3170

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CR-217 |
| REBECCA JEAN HOLMAN, *Defendant-Appellant*. | C. N. Clevert, Jr., *Judge*. |

**O R D E R**

Rebecca Holman pleaded guilty to conspiring to distribute heroin, *see* 21 U.S.C. §§ 846, 841(a)(1), and received a below-guidelines sentence of 36 months' imprisonment. She appeals her prison term, arguing that the district court erred by increasing her sentence based on the death of a drug user who had bought heroin from her coconspirator. Because the record does not support the district court's finding that the victim's death was caused by any of Holman's coconspirators, we vacate Holman's sentence and remand for further proceedings.

Holman, now 49, developed severe rheumatoid arthritis when she was 39 and became addicted to prescription pain killers. Six years after her diagnosis, prescription

opiates became more difficult for her to obtain, and she began using heroin. To finance her addiction, she started working with six other individuals to distribute heroin throughout Waushara County (80 miles north of Madison).

In April 2012, Waushara County resident Amalia Henschel died of a heroin overdose. Wisconsin law enforcement investigated her death and uncovered the drug-distribution ring run by Holman and her coconspirators. Wisconsin police conducted a controlled purchase of heroin from Holman and then arrested her, and she was charged in federal court with participating in a drug conspiracy involving one kilogram or more of a mixture containing heroin, which caused a death, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). The "causing death" element from § 841(b)(1)(A) was later dropped.

Holman pleaded guilty to one count of conspiring to distribute heroin, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). In the plea agreement, Holman admitted that certain facts provided by the government were accurate, including a statement that her codefendant Randy Lindgren had supplied Henschel with heroin before she died.

A probation officer calculated Holman's guidelines imprisonment range at 70 to 87 months, based on a total offense level of 27 and criminal-history category I. The total offense level was not increased as a result of Henschel's death. The PSR did describe the death (noting that it was ruled a heroin overdose) and recounted an admission by Lindgren that he had "supplied Ms. Henschel with a line of heroin earlier in the evening before she was found dead." Holman did not object to the inclusion of these facts in the PSR.

At sentencing, the district court imposed a below-range prison term of 36 months. The court departed from the calculated range because, it explained, Holman was not a leader in the conspiracy, she had cooperated with the government, and she "became involved in distributing heroin in part because of [her] own addictions." But the court rejected Holman's request for merely a probationary sentence, describing her offense as "serious" because the conspiracy "ultimately resulted in the death of someone." The court based this factual finding on "the other hearings" it had conducted (presumably a reference to the evidentiary hearing it had held on this issue before Lindgren's sentencing) and "the record as it generally stands." "Unquestionably," the court added, "the Waushara community has been adversely impacted." Holman did not object to the mention of Henschel's death in the PSR, so the court noted that it could not "ignore" Henschel's death unless it also ignored a portion of the PSR.

Around this same time, the government in its separate prosecution of Lindgren moved to increase his sentence based on Henschel's death, *see* U.S.S.G. § 2D1.1(a)(2). Lindgren vigorously contested the motion. He admitted to giving Henschel heroin on the day she died but argued that she ingested the fatal dose later that night, from a different supplier. At an evidentiary hearing, he presented expert testimony that a small dose of heroin—such as the one he provided—did not cause Henschel's overdose. The expert also testified that within 30 minutes of consumption of a lethal dose, Henschel likely would have been asleep, "rapidly going into a coma" and "respiratory distress," and that she would have died within an hour. Yet the evidence also was undisputed that Henschel walked to a bar an hour after taking the heroin that Lindgren supplied. Three other witnesses testified that they heard or saw activity in the area that Henschel was found several hours later—at 2:30 that morning.

In April 2015, the district court denied the government's motion in the Lindgren proceedings, concluding that a factual basis did *not* exist for a finding that his heroin caused Henschel's death.

Holman argues on appeal that the district court wrongly increased her sentence based on an unsupported factual finding that Henschel's death was caused by a coconspirator.

There is insufficient evidence in the record to support the district court's factual finding. Although the court was permitted to rely on the narrow uncontested allegation—recounted in Holman's PSR and plea agreement—that Lindgren provided Henschel heroin on the day she died, *see* FED. R. CRIM. P. 32(i)(3)(A); *United States v. Brown*, 716 F.3d 988, 993–94 (7th Cir. 2013); *United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010), the court went further and assumed that the heroin supplied by Henschel "ultimately resulted in the death." But no support for this assumption exists in the record of Holman's prosecution, and in Lindgren's prosecution the district court found the government's evidence insufficient to show that Lindgren's heroin caused the overdose. A sentencing court may not rely on a false or unsupported assumption at sentencing. *See United States v. Halliday*, 672 F.3d 462, 475 (7th Cir. 2012); *United States v. Bradley*, 628 F.3d 394, 400 (7th Cir. 2010). The court's factual findings here are in conflict and irreconcilable, and the case must be remanded so that the record surrounding Henschel's death can be further developed or Holman's sentence redetermined without consideration of the death.

Accordingly, we VACATE Holman's sentence and REMAND for further proceedings.